PARKER, Judge.
W.S. and C.S. (the parents) appeal the trial court’s order terminating their parental rights to their three children. We affirm.
The record supports that all of the prerequisites for termination contained in subsections 39.467(2) and (3), Florida Statutes (1991) were met. The guardian ad litem showed by clear and convincing evidence that the children had been adjudicated dependent, a dependency disposition order was entered, the parents were informed of their rights to counsel, and the parents failed to comply substantially with the terms of the third performance agreement and permanent placement plan. The parents failed to take advantage of the services provided for reasons other than financial. They failed to cooperate with placements and referrals made by the Department of Health and Rehabilitative Services (HRS) and the Family Protection Team. They refused to take L.S., their child who was less than one year of age, to Tampa General Hospital for examination and treatment after L.S.’s doctor instructed them to do so.
Two experts, a licensed mental health counselor and a licensed doctor of psychology, testified that it would be detrimental to the children’s emotional and physical well-being to place them with the parents. The experts testified that the children were developmental delayed due to the parents’ inadequate care and nurturing. The evidence reflects that the children have made good progress while in their foster home and that the children regress with every parental visitation. See Caso v. Dep’t of Health and Rehabilitative Serv., 569 So.2d 466 (Fla. 3rd DCA 1990) (court took into consideration improvement in child when removed from mother).
The parents’ argument that the testimony of Margaret Fuhr, the caseworker for HRS, was inadmissible hearsay is without merit. Fuhr was the custodian of the records. The case reports in the records were filed by caseworkers assigned to the parents’ case who had personal knowledge of the parents’ home situation. Accordingly, her testimony was admissible under section 90.-803(6)(a), Florida Statutes (1991).
Affirmed.
RYDER, A.C.J., and BLUE, J., concur.